**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| STS RENEWABLES LTD., et al.,[1] | Case No. 25-10884 (KBO) |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**ORDER GRANTING PROVISIONAL RELIEF**
**PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

Upon the motion for certain provisional and injunctive relief (the "Motion") filed by STS

Renewables Ltd. ("STS Renewables"), in its capacity as the authorized foreign representative (the

"Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in connection

with the Debtors' reorganization proceedings under Canadian law currently pending (the "CCAA

Proceedings"); and upon this Court's review and consideration of the Motion, Verified Petition,

Tokarik Declaration, and Zweig Declaration;[2] this Court having jurisdiction to consider the Motion

and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and

1501; consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(1)

and (3); appropriate, sufficient, and timely notice of the filing of the Motion and the hearing thereon

having been given pursuant to rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"); and upon the record established at such hearing; it appearing

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are: STS Renewables Ltd. (6458); Earth Drilling Co. Ltd. (2067); On Track Drilling Inc. (0775); Subterra Capital Partners Inc. (1618); Subterra Development Ltd. (8868); Earth Drilling Co. Ltd. (5471); STS Renewables Earth USA Acquisition Co. Ltd. (9095); Harris Exploration Drilling & Associates Inc. (9416); and Subterra Capital Partners US Inc. (0344).  The Debtors' service address for purposes of these Chapter 15 Cases is 365 Bloor St. E, Suite 400, Toronto, Ontario, Canada M4W 1H7.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections

or other responses having been filed that have not been overruled, withdrawn or otherwise resolved;

and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY FOUND AND**

**DETERMINED THAT**:

1.       The findings and conclusions set forth herein constitute this Court's findings of fact

and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding

pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute

conclusions of law, they are adopted as such. To the extent any of the following conclusions of law

constitute findings of fact, they are adopted as such.

2.       There is a substantial likelihood that the Foreign Representative will successfully

demonstrate that the CCAA Proceedings constitute "foreign main proceedings" as defined in section

1502(4) of the Bankruptcy Code.

3.       The commencement or continuation of any action or proceeding in the United States

against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code

to permit the expeditious and economical administration of the CCAA Proceedings, and such relief

will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is

outweighed by the benefits of the relief requested; and that the Court will determine that the

additional relief sought herein, including the relief under section 362 and 364, is necessary to

effectuate the purpose of chapter 15 and the assets of the Debtors and the interests of creditors as

contemplated by section 1521 of the Bankruptcy Code.

4.      Consistent with findings by the Canadian Court and relief granted under the Initial CCAA Order, unless a preliminary injunction is issued with respect to the Debtors, there is a material risk that the Debtors' creditors or other parties-in-interest in the United States could use the CCAA Proceedings and these Chapter 15 Cases as a pretext to exercise certain remedies or to terminate executory contracts or unexpired leases with respect to the Debtors.

5.      Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer the CCAA Proceedings, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this order (this "Order").

6.      The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Initial CCAA Order.

7.      The interest of the public will be served by this Court's entry of this Order.

8.      The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

9.      Beginning on the date of this Order and continuing until the date of the entry of an order of this Court recognizing the CCAA Proceedings as "foreign main proceedings" as defined in

section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative"

as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section

1519(b) of the Bankruptcy Code), with respect to the Debtors:

a.    the Foreign Representative shall be the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

b.    section 361 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

c.    section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, the Provisional Relief Order shall impose a stay within the territorial jurisdiction of the United States of:

i.    the commencement or continuation, including the issuance or employment of process of, any judicial, administrative, or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets, located in the United States except as authorized by the Foreign Representative in writing;

ii.    the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

iii.    any act to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases; and

iv.    the setoff of any debt owing to any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against any claim against the Debtors.

d.    for counterparties to certain of the Debtors' executory contracts and unexpired leases, without limitation, section 365(e) of the Bankruptcy Code shall apply

with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

e.   the Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a)(3) and 1521 of the Bankruptcy Code.

f.   notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the Provisional Relief Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in the Provisional Relief Order, and (iii) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Provisional Relief Order.

10.   The Foreign Representative, in connection with its appointment as the "foreign representative" in these cases, and the Debtors, are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

11.   The Initial CCAA Order, attached hereto as **Exhibit 1**, is hereby given full force and effect on a provisional basis, including, without limitation, the sections of the Initial CCAA Order (a) staying the commencement or continuation of any actions against the Debtors and their assets, (b) granting the Directors' Charge and Administration Charge, and (c) declaring that Ontario is the "*center of main interest*" of the Debtors, in each case to the same extent provided in the Initial CCAA Order.

12.   Upon entry of the Amended and Restated Initial CCAA Order by the Canadian Court in the CCAA Proceedings superseding the Initial CCAA Order, such entered Amended and Restated Initial CCAA Order (which Amended and Restated Initial CCAA Order as approved by the

Canadian Court in the CCAA Proceedings shall be filed on the docket of these Chapter 15 Cases and served on the Core Notice Parties as soon as practicable after its entry), shall be given full force and effect on a provisional basis, including, without limitation, the provisions already included in the Initial CCAA Order.

13.     To the extent applicable, pursuant to Bankruptcy Rule 7065, the security provisions of rule 65(c) of the Federal Rules of Civil Procedure are waived.

14.     Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules.

15.     The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

16.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

17.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: May 20th, 2025
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

LA:4901-6261-4079.3 81857.00001
LA:4864-9999-4777.1 60009.00001

7