**Exhibit A**

**Proposed Order**

4912-7937-4187.8 81857.00001

| | |
|---|---|
| In re: | Chapter 15 |
| STS RENEWABLES LTD., et al.,[1] | Case No. 25-10884 (KBO) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**ORDER GRANTING FOREIGN REPRESENTATIVE'S MOTION FOR ENTRY OF AN ORDER: (I) RECOGNIZING AND ENFORCING (A) THE CCAA APPROVAL AND REVERSE VESTING ORDER, AND (B) THE EQUIPMENT SALE APPROVAL AND VESTING ORDER; (II) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") filed by STS Renewables Ltd. ("STS"), in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in connection with the Debtors' reorganization proceedings under Canadian law currently pending (the "Canadian Proceedings") for recognition and enforcement of the Vesting Orders (as defined in the Motion) and approving the sale of the Debtors' assets free and clear of all liens, claims, and encumbrances; and upon this Court's review and consideration of the Motion, the Tokarik Declaration, and the Zweig Declaration;[2] this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are: STS Renewables Ltd. (6458); Earth Drilling Co. Ltd. (2067); On Track Drilling Inc. (0775); Subterra Capital Partners Inc. (1618); Subterra Development Ltd. (8868); Earth Drilling Co. Ltd. (5471); STS Renewables Earth USA Acquisition Co. Ltd. (9095); Harris Exploration Drilling & Associates Inc. (9416); and Subterra Capital Partners US Inc. (0344). The Debtors' service address for purposes of these Chapter 15 Cases is 365 Bloor St. E, Suite 400, Toronto, Ontario, Canada M4W 1H7.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. § 1410(1) and (3); appropriate, sufficient, and timely notice of the filing of the Motion and the hearing thereon having been given; and upon the record established at such hearing; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in its entirety, and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

2. The Vesting Orders and all of their respective terms, including any immaterial or administrative amendments thereto, including those necessary to give effect to the substance of such order, either pursuant to the terms therein or as approved by the Canadian Court, are fully recognized and given full force and effect in the territorial jurisdiction of United States.

3. The Drilling Purchase Agreement, the Drilling Transaction, including the Equipment sales, the sale of the Subscribed Shares and the transfers of the Subscribed Shares, and the sale of any assets located within the United States on the terms set forth in the Drilling Purchase Agreement and the Vesting Orders, including all transactions contemplated thereunder, this Order, including all transactions contemplated hereunder, and all of the terms and conditions of each of the foregoing are hereby approved and authorized pursuant to sections 105, 363, 1501, 1520, 1521, 1525 and 1527 of the Bankruptcy Code. The failure specifically to include any particular provision of the Drilling Purchase Agreement or the Bills of Sale in this Order shall not diminish or impair the effectiveness

2

of such provision, it being the intent of the Court that the Drilling Purchase Agreement, the Drilling Transaction, and the Bills of Sale be authorized and approved in their entirety.

4.  The Drilling Purchaser and the Equipment Purchasers are good-faith purchasers within the meaning of section 363(m) of the Bankruptcy Code and are entitled to all of the protections afforded thereby. The Drilling Transaction, including the Equipment sales, was undertaken and entered into by the Debtors and the purchasers without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code. As such, the reversal or modification on appeal of this Order approving the Drilling Purchase Agreement under subsection (b) or (c) of the Bankruptcy Code shall not affect the validity of the Drilling Purchase Agreement, whether or not the Drilling Purchaser or the Equipment Purchasers knew of the pendency of the appeal, unless this Order was duly and properly stayed pending appeal.

5.  Pursuant to sections 105, 363, 1501, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, the Vesting Orders, and this Order, the Debtors, the Drilling Purchaser, the Equipment Purchasers and the Foreign Representative (as well as their respective officers, employees, and agents) are authorized to take any and all actions necessary or appropriate to: (a) consummate the Drilling Transaction and the Equipment sales in accordance with the transaction documents, the Vesting Orders, and this Order; and (b) perform, consummate, implement, and close fully the Drilling Purchase Agreement, the Drilling Transaction and the Equipment Sales, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Drilling Transaction and the Equipment Sales and to take such additional steps and all further actions as may be necessary or appropriate to the performance of the obligations contemplated by the

Drilling Purchase Agreement, all without further order of the Court, and are hereby authorized and empowered to cause to be executed and filed such statements, instruments, releases, and other documents on behalf of such person with respect to the purchased assets or transferred shares that are necessary or appropriate to effectuate the Drilling Transaction, including the Equipment sales, any related agreements, the Vesting Orders, and this Order, including amended and restated certificates or articles of incorporation and bylaws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors or the purchasers may determine are necessary or appropriate, and are hereby authorized and empowered to cause to be filed, registered, or otherwise recorded certified copies of the Vesting Orders or this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances, and other interests against the purchased assets under the Drilling Purchase Agreement or the Equipment AVO. The Vesting Orders and this Order are deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

6. All persons that are currently in possession of some or all of the Debtors assets located in the United States or that are otherwise subject to the jurisdiction of this Court are hereby directed to surrender possession of such assets to the Drilling Purchaser or Equipment Purchasers, as applicable, on the relevant closing date.

7. Notwithstanding anything to the contrary in this Order, the Vesting Orders, or any other document, this Court shall retain exclusive jurisdiction to hear and determine all disputes

4

which are in any forum or court within the territorial United States involving the existence, nature, scope, or enforcement of any releases granted in the Vesting Orders or recognized by this Order.

LA:4864-9999-4777.1 60009.00001