# EXHIBIT 2

**Equipment Sale AVO**

4912-7937-4187.8 81857.00001

Court File No. CV-25-00743275-00CL

# ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| THE HONOURABLE | ) | WEDNESDAY, THE 15TH |
| --- | --- | --- |
|  | ) |  |
| JUSTICE STEELE | ) | DAY OF OCTOBER, 2025 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF STS RENEWABLES LTD., EARTH DRILLING CO. LTD., ON TRACK DRILLING INC., STS RENEWABLES EARTH USA ACQUISITION CO. LTD., EARTH DRILLING CO. LTD., HARRIS EXPLORATION DRILLING & ASSOCIATES, INC., SUBTERRA CAPITAL PARTNERS INC., SUBTERRA DEVELOPMENT LTD., AND SUBTERRA CAPITAL PARTNERS US INC.

Applicants

## ORDER
## (APPROVAL AND VESTING ORDER)
## (EQUIPMENT SALES)

**THIS MOTION**, made by the Applicants, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") for an order, among other things, approving sales transactions pursuant to the Bills of Sale (as defined below), and vesting in certain purchasers the right, title and interest of Earth Drilling Co. Ltd. ("**Earth Drilling**") in and to some or all of the equipment (the "**Equipment**") detailed at Exhibit "E" to the Affidavit of Matthew Tokarik sworn October 6, 2025 (the "**Tokarik Affidavit**"), was heard this day by judicial teleconference via Zoom.

**ON READING** the Tokarik Affidavit, the Fifth Report of PricewaterhouseCoopers Inc., in its capacity as the Court-appointed monitor (the "**Monitor**"), filed (the "**Fifth Report**"), and on hearing the submissions of counsel for the Applicants, counsel for the Monitor, counsel for 2734655 Alberta Ltd., counsel for the Bank of Nova Scotia, and counsel for those other parties

appearing as indicated on the counsel slip, and no one else appearing for any other person on the service list, although duly served as appears from the affidavit of service, filed:

**SERVICE AND DEFINITIONS**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.      **THIS COURT ORDERS** that, unless otherwise indicated or defined herein, capitalized terms used in this Order shall have the meanings given to them in the Tokarik Affidavit.

**APPROVAL AND VESTING OF THE EQUIPMENT**

3.      **THIS COURT ORDERS** that Earth Drilling is hereby authorized, with the consent of the DIP Lender, to enter into bills of sale in substantially the form appended at Exhibit "G" to the Tokarik Affidavit (each, a "**Bill of Sale**", and collectively, the "**Bills of Sale**") with the purchasers (each purchaser, a "**Purchaser**") for the respective Equipment and at the price set out in Exhibit "F" to the Tokarik Affidavit (any such sale of Equipment contemplated thereunder, a "**Transaction**"). Earth Drilling is hereby authorized and directed (with the consent of the DIP Lender) to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Equipment to the Purchaser.

4.      **THIS COURT ORDERS** that each sale of Equipment pursuant to a Bill of Sale shall be on a "final sale" and an "as is, where is" basis.

5.      **THIS COURT ORDERS AND DECLARES** that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule "A" hereto (the "**Monitor's Certificate**"), all of Earth Drilling's right, title and interest in and to the Equipment described in the applicable Bill of Sale shall vest absolutely in the Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise

(collectively, the "**Claims**") including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Amended and Restated Initial Order of the Honourable Justice Osborne dated May 23, 2025; and (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system (collectively, the "**Encumbrances**"), and, for greater certainty, this Court orders that all of the Encumbrances affecting or relating to the Equipment are hereby expunged and discharged as against the Equipment following the delivery of the Monitor's Certificate.

6. **THIS COURT ORDERS** that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Equipment described in the Bill of Sale shall stand in the place and stead of the Equipment, and that from and after the delivery of the Monitor's Certificate all Claims and Encumbrances shall attach to the net proceeds from the sale of such Equipment with the same priority as they had with respect to such Equipment immediately prior to the sale, as if such Equipment had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

7. **THIS COURT ORDERS AND DIRECTS** the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof.

8. **THIS COURT ORDERS** that, notwithstanding:

    (a) the pendency of these proceedings;

    (b) any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of the Applicants and any bankruptcy order issued pursuant to any such applications; and

    (c) any assignment in bankruptcy made in respect of Earth Drilling;

the vesting of the Equipment in the Purchaser pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of Earth Drilling and shall not be void or voidable by creditors of Earth Drilling, nor shall it constitute nor be deemed to be a fraudulent

preference, assignment, fraudulent conveyance, transfer at undervalue, or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

9. **THIS COURT ORDERS** that the proceeds received under any Bills of Sale are to be held in trust by the Monitor to be used to fund the purchase price payable by 2734655 Alberta Ltd. under the Agreement of Purchase and Sale and Subscription Agreement dated effective as of September 19, 2025.

10. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Applicants, the Monitor and their agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants or the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Applicants, the Monitor and their agents in carrying out the terms of this Order.

11. **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

12. **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. (Eastern Time) on the date of this Order without the need for entry or filing.

_____

Schedule "A" – Form of Monitor's Certificate

Court File No. CV-25-00743275-00CL

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

B E T W E E N:

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF STS RENEWABLES LTD., EARTH DRILLING CO. LTD., ON TRACK DRILLING INC., STS RENEWABLES EARTH USA ACQUISITION CO. LTD., EARTH DRILLING CO. LTD., HARRIS EXPLORATION DRILLING & ASSOCIATES, INC., SUBTERRA CAPITAL PARTNERS INC., SUBTERRA DEVELOPMENT LTD., AND SUBTERRA CAPITAL PARTNERS US INC.

Applicants

**MONITOR'S CERTIFICATE**

**RECITALS**

A. Pursuant to the Initial Order of the Honourable Justice Osborne of the Ontario Superior Court of Justice (Commercial List), (the "**Court**") dated May 15, 2025, as amended and restated on May 23, 2025, the Applicants were granted protection from their creditors pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, and PricewaterhouseCoopers Inc., LIT was appointed as the monitor of the Applicants (in such capacity, the "**Monitor**").

B. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Approval Vesting Order of this Court dated October 15, 2025 dealing with the sale of the Equipment (the "**Equipment AVO**").

C. Pursuant to the Equipment AVO, the Court authorized Earth Drilling to execute Bills of Sale with the Purchasers, for the Equipment identified and at the price set out in Exhibit "F" to the Tokarik Affidavit, and provided for the vesting in the Purchaser all of the right, title and

interest of Earth Drilling in and to the Equipment identified in the Bill of Sale, which vesting is to be effective in respect of such Equipment upon the delivery by the Monitor to the Purchaser of a certificate confirming that the purchase price provided for in the Bill of Sale (the "**Payment**") has been received.

**THE MONITOR CERTIFIES** the following:

1. The Purchaser has paid and the Monitor has received the Payment for the Equipment described in the Bill of Sale attached hereto as Schedule "1";

2. The conditions to Closing as set out in the Bill of Sale have been satisfied or waived by Earth Drilling and the Purchaser; and

3. The Transaction has been completed to the satisfaction of the Monitor.

4. This Monitor's certificate was delivered by the Monitor at Toronto on _____, 2025.

**PricewaterhouseCoopers Inc., in its capacity as the Monitor of the Applicants and not in its personal or corporate capacity**

Per: _____
Name:
Title:

**Schedule "1"**

**Bill of Sale**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c. C-36*, AS AMENDED

AND IN THE MATTER OF STS RENEWABLES LTD., EARTH DRILLING CO. LTD., ON TRACK DRILLING INC., STS RENEWABLES EARTH USA ACQUISITION CO. LTD., EARTH DRILLING CO. LTD., HARRIS EXPLORATION DRILLING & ASSOCIATES, INC., SUBTERRA CAPITAL PARTNERS INC., SUBTERRA DEVELOPMENT LTD., AND SUBTERRA CAPITAL PARTNERS US INC.

Court File No.: CV-25-00743275-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**
Proceedings Commenced in Toronto

**ORDER**
**(APPROVAL AND VESTING ORDER)**
**(EQUIPMENT SALES)**

**BENNETT JONES LLP**
One First Canadian Place
Suite 3400, P.O. Box 130
Toronto, Ontario
M5X 1A4

**Sean Zweig (LSO# 573071)**
Tel: (416) 777-6254
Email: ZweigS@bennettjones.com

**Mike Shakra (LSO# 64604K)**
Tel: (416) 777-3236
Email: ShakraM@bennettjones.com

**Thomas Gray (LSO# 82473H)**
Tel: (416) 777-7924
Email: GrayT@bennettjones.com

**Linda Fraser-Richardson (LSO# 89718B)**
Tel: (416) 777-7869
Email: FraserRichardsonL@bennettjones.com

Lawyers for the Applicants