**Exhibit A**

| | |
|---|---|
| In re: | Chapter 15 |
| STS RENEWABLES LTD., et al.,[1] | Case No. 25-10884 (KBO) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |
| | **Re Docket No. 50** |

### ORDER (I) RECOGNIZING AND ENFORCING DISTRIBUTION ORDER AND ANCILLARY ORDER, (II) APPROVING THE PROCEDURE GOVERNING CLOSING OF CHAPTER 15 CASES AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion") of STS Renewables Ltd. ("STS"), in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in connection with the Debtors' reorganization proceedings under Canadian law currently pending (the "Canadian Proceedings"), for the entry of an order, pursuant to sections 105(a), 350, 1517(d), 1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), (i) recognizing and enforcing the Distribution Order and the Ancillary Order (both as defined in the Motion), (ii) approving the procedure governing closing of these chapter 15 cases (the "Chapter 15 Cases") and (iii) granting related relief; the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and that the relief requested is in the best interest of the Debtors,

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are: STS Renewables Ltd. (6458); 10531618 Canada Inc., f/k/a Subterra Capital Partners Inc. (1618); 14878868 Canada Ltd., f/k/a Subterra Development Ltd. (8868); 2425036 Inc., f/k/a Subterra Capital Partners US Inc. (0344); and 1001374205 Ontario Inc. The Debtors' service address for purposes of these Chapter 15 Cases is 3400 One First Canadian Place, P.O. Box 130, Toronto, ON, M5X 1A4.

their creditors, and other parties in interest in the Chapter 15 Case; and all creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**<u>NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:</u>**

1.      The Motion is GRANTED as set forth herein.

2.      The Distribution Order, a copy of which is attached hereto as <u>Exhibit 1</u>, is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 1521, 1525, and 1527 of the Bankruptcy Code.

3.      The Ancillary Order, a copy of which is attached hereto as <u>Exhibit 2</u>, is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 1521, 1525, and 1527 of the Bankruptcy Code.

4.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

5.      The Foreign Representative is authorized to seek entry of an order closing these Chapter 15 Cases by filing and serving a Notice of Full Administration, subject to a thirty

(30) day objection period after service of the Notice of Full Administration. If no objections are filed upon the expiration of the thirty (30) day objection period, the Foreign Representative may file a certificate of no objection along with the Proposed Case Closing Order for entry by the Court.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# **EXHIBIT 1**

Distribution Order

Electronically issued / Délivré par voie électronique : 26-Nov-2025
Superior Court of Justice - Toronto - Commercial List / Cour supérieure de justice

Court File No./N° du dossier du greffe: CV-25-00743275-00CL



Court File No.: CV-25-00743275-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 26TH |
| | ) | |
| JUSTICE CAVANAGH | ) | DAY OF NOVEMBER, 2025 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF STS RENEWABLES LTD., 10531618 CANADA INC., 14878868 CANADA LTD., 2425036 INC., AND 1001374205 ONTARIO INC.

Applicants

### ORDER
### (Distribution Approval)

**THIS MOTION**, made by the Applicants, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, was heard this day by way of judicial videoconference via Zoom.

**ON READING** the affidavit of Matthew Tokarik sworn November 19, 2025 (the "**Tokarik Affidavit**"), and the Exhibits thereto, the Sixth Report dated November 21, 2025 of PricewaterhouseCoopers Inc., in its capacity as the Court-appointed monitor of the Applicants (in such capacity, the "**Monitor**"), the Supplement to the Sixth Report of the Monitor dated November 25, 2025, and on hearing the submissions of counsel for the Applicants, counsel for the Monitor, and such other counsel that were present, no one else appearing although duly served as appears from the affidavit of service, filed,

### SERVICE AND DEFINED TERMS

1.     **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.     **THIS COURT ORDERS** that capitalized terms not otherwise defined in this Order have the meanings ascribed to them in Tokarik Affidavit or the Amended and Restated Initial Order granted by this Court on May 23, 2025, as applicable.

**DISTRIBUTIONS**

3.     **THIS COURT ORDERS** that, subject to the retention of the Fee Accrual (as defined in the Sixth Report) and such other amounts as the Monitor deems appropriate in connection with the Charges, the Monitor, on behalf of the Applicants, is hereby authorized to make distributions from time-to-time: (i) to The Bank of Nova Scotia, from the net cash proceeds of the Drilling Transaction and the Utility Developer Transaction; and (ii) to The Bank of Nova Scotia and Transpecos Banks, SSB, as applicable, from the net cash proceeds from monetization of the Disputed Assets, if any, as consented to by The Bank of Nova Scotia and Transpecos Banks, SSB or in accordance with a further Order of the Court (the "**Distributions**").

4.     **THIS COURT ORDERS** that the Monitor is hereby authorized and directed to take all reasonably necessary steps and actions to effect the Distributions in accordance with the provisions of this Order and the Monitor and the Applicants shall not incur any liability as a result of the Monitor making the Distributions.

5.     **THIS COURT ORDERS** that the Distributions made in accordance with this Order shall be permanent and indefeasible payments of a portion of the Applicants' obligations under the Pre-Filing BNS Facilities.

6.     **THIS COURT ORDERS** that, notwithstanding:

    (a)     the pendency of these CCAA Proceedings;

    (b)     any application for a bankruptcy or receivership order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) (the "**BIA**") or other applicable legislation in respect of the Applicants and any bankruptcy or receivership order issued pursuant to any such applications;

    (c)     any assignment in bankruptcy made in respect of the Applicants; and

    (d)     any provisions of any federal or provincial legislation;

the Distributions shall be made free and clear of all Encumbrances (including the Charges) and shall be binding on any trustee in bankruptcy or receiver that may be appointed in respect of the Applicants and shall not be void or voidable nor deemed to be a preference, assignment, fraudulent conveyance, transfer at undervalue, or other reviewable transaction under the BIA or any other applicable federal or provincial legislation, nor shall they constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

7.      **THIS COURT ORDERS** that the Distributions shall not constitute a "distribution" by any director, officer, employee or agent of the Applicants or the Monitor, including their respective legal counsel, and such persons shall not constitute a "legal representative", "representative", or "responsible representative" of the Applicants or the Monitor or "other person" for purposes of Section 159, 227.1, and 227(5) of the *Income Tax Act* (Canada), Section 117 of the *Taxation Act*, 2007 (Ontario), Section 270 of the *Excise Tax Act* (Canada), Sections 46 and 86 of the *Employment Insurance Act* (Canada), Section 22 of the *Retail Sales Tax Act* (Ontario), Section 107 of the *Corporations Tax Act* (Ontario), or any federal, provincial, state or territorial tax legislation (collectively, the "**Statutes**"), and such persons, including the Monitor, in causing or assisting the Applicants to make any Distributions in accordance with this Order, is not "distributing", nor shall it be considered to have "distributed", such funds for the purposes of the Statutes, and such persons shall not incur any liability under the Statutes for causing or assisting the Applicants in making any Distributions in accordance with this Order or failing to withhold amounts, ordered or permitted hereunder, and such persons shall not have any liability for any of the Applicants' tax liabilities regardless of how or when such liabilities may have arisen, and are hereby forever released, remised and discharged from any claims against such person under or pursuant to the Statutes or otherwise at law arising as a result of the Distributions contemplated in this Order, and any claims of such nature are hereby forever barred.

**GENERAL**

8.      **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

9.      **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, and, regulatory or administrative bodies, having jurisdiction in Canada or in any other foreign

jurisdiction, to give effect to this Order and to assist the Applicants, the Monitor, and their respective agents in carrying out the terms of this Order. All courts, tribunals and, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

10.     **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. (Toronto Time) on the date of this Order, without the need for entry or filing.

_____

**IN THE MATTER OF THE** *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF STS RENEWABLES LTD., 10531618 CANADA INC., 14878868 CANADA LTD., 2425036 INC., AND 1001374205 ONTARIO INC.**

Court File No.: CV-25-00743275-00CL

|  |  |
|---|---|
|  | ***ONTARIO***<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br>Proceeding commenced in Toronto |
|  | **ORDER**<br><br>**(Distribution Approval)** |
|  | **BENNETT JONES LLP**<br>One First Canadian Place<br>Suite 3400, P.O. Box 130<br>Toronto, Ontario M5X 1A4<br><br>**Sean Zweig** (LSO# 57307I)<br>Tel: (416) 777-6254<br>Email: zweigs@bennettjones.com<br><br>**Mike Shakra** (LSO# 64604K)<br>Tel: (416) 777-3236<br>Email: ShakraM@bennettjones.com<br><br>**Thomas Gray** (LSO# 82473H)<br>Tel: (416) 777-7924<br>Email: GrayT@bennettjones.com<br><br>**Linda Fraser-Richardson** (LSO# 89718B)<br>Tel: (416) 777-7869<br>Email: fraserrichardsonl@bennettjones.com<br><br>Lawyers for the Applicants |

## **EXHIBIT 2**

Ancillary Order



Court File No.: CV-25-00743275-00CL

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 26TH |
| | ) | |
| JUSTICE CAVANAGH | ) | DAY OF NOVEMBER, 2025 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF STS RENEWABLES LTD., 10531618 CANADA INC., 14878868 CANADA LTD., 2425036 INC., AND 1001374205 ONTARIO INC.

Applicants

## ORDER
### (CCAA Termination and Ancillary Matters)

**THIS MOTION**, made by the Applicants, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, was heard this day by way of judicial videoconference via Zoom.

**ON READING** the affidavit of Matthew Tokarik sworn November 19, 2025 (the "**Tokarik Affidavit**"), and the Exhibits thereto, the Sixth Report dated November 21, 2025 of PricewaterhouseCoopers Inc., in its capacity as the Court-appointed monitor of the Applicants (in such capacity, the "**Monitor**"), the Supplement to the Sixth Report of the Monitor dated November 25, 2025 (the "**Supplement to the Sixth Report**"), and on hearing the submissions of counsel for the Applicants, counsel for the Monitor, and such other counsel that were present, no one else appearing although duly served as appears from the affidavit of service, filed,

## SERVICE AND DEFINED TERMS

1.     **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.     **THIS COURT ORDERS** that capitalized terms not otherwise defined in this Order have the meanings ascribed to them in Tokarik Affidavit or the Amended and Restated Initial Order granted by this Court on May 23, 2025 (the "**ARIO**"), as applicable.

**ENHANCEMENT OF MONITOR'S POWERS**

3.     **THIS COURT ORDERS** that, without in any way limiting the powers and duties of the Monitor set out in the ARIO or any other Order granted in these CCAA Proceedings, the Monitor is hereby empowered and authorized, but not obligated, to do any of the following in the name of and on behalf of the Applicants, where the Monitor considers it necessary or desirable:

(a)     take any and all actions and steps in the name of and on behalf of the Applicants to facilitate the administration of the Applicants' remaining business, property, operations, affairs and estates as may be necessary, appropriate, or desirable, in the sole discretion of the Monitor;

(b)     take any and all corporate actions and actions regarding the governance of the Applicants and such actions taken by the Monitor are hereby authorized without requiring any further action or approval by the Applicants or any former officers or directors of the Applicants;

(c)     cause the Applicants to take any action or make any disbursement permitted pursuant to the ARIO or any other Order granted in these CCAA Proceedings;

(d)     conduct, supervise and direct the sale, marketing, conveyance, transfer, lease, assignment or disposal of any remaining Property of the Applicants or any part or parts thereof, whether or not outside of the normal course of business;

(e)     conduct, supervise and direct the continuation or commencement of any process or effort to recover property or other assets (including any accounts receivable or cash) belonging or owing to the Applicants;

(f)     engage, deal, communicate, negotiate, agree and settle with any creditor or other stakeholder of the Applicants (including any government authority) in the name of or on behalf of the Applicants;

(g)     claim or cause the Applicants to claim any and all insurance refunds or tax refunds, including refunds of goods and services taxes and harmonized sales taxes, to which the Applicants are entitled;

(h)     engage, retain, or terminate the services of, or cause the Applicants to engage, retain or terminate the services of any officer, employee, consultant, agent, representative, advisor, or other persons or entities, all under the supervision and direction of the Monitor, as the Monitor, in its sole opinion, deems necessary or appropriate to assist with the exercise of its powers and duties;

(i)     have access to all books and records that are the property of the Applicants in the Applicants' possession or control;

(j)     facilitate or assist the Applicants with their accounting, tax and financial reporting functions, including the preparation of cash flow forecasts, employee-related remittances, T4 statements and records of employment, in each case based solely upon the information provided by the Applicants on the basis that the Monitor shall incur no liability or obligation to any person with respect to such reporting, remittances, statements and records;

(k)     cause the Applicants to perform such other functions or duties as the Monitor considers necessary or desirable in order to facilitate or assist the Applicants in dealing with their Property, operations, restructuring, wind-down, liquidation, distribution of proceeds, and any other related activities;

(l)     exercise any shareholder rights of the Applicants;

(m)     meet with and direct management or employees of, and persons retained by, the Applicants with respect to any of the foregoing;

(n)     take any and all reasonable steps to direct or cause the Applicants to administer the Property and the Business or to perform such other duties as the Monitor considers necessary or desirable to deal with the Property or the Business, including the wind-down, liquidation, disposal of assets, or other activities;

(o) take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations;

(p) file an assignment in bankruptcy pursuant to the *Bankruptcy and Insolvency Act,* (Canada) (the "**BIA**") for each and any of the Applicants in the City of Toronto, Province of Ontario (or any other Canadian jurisdiction, as applicable), naming PwC as the trustee in bankruptcy, and, in that regard to sign such documents in the name of the applicable Applicants and take all such steps as are necessary to make the assignment in bankruptcy and commence proceedings under the BIA; and

(q) in the absence of an eligible director or officer to do so, take any and all actions necessary to give effect to this Order and the Agreement on behalf of the Applicants and such actions taken by the Monitor are hereby authorized without requiring any further action or approval by the Applicants or any former officers or directors of the Applicants;

and in each case where the Monitor takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons, including any of the Applicants and their past or present directors and officers and shareholders, and without interference from any other Persons, provided, however, that the Monitor shall comply with all applicable laws and shall not have any authority or power to elect or cause the election or removal of directors of the Applicants or to take any action to restrict or to transfer to the Monitor any of their powers, duties, or obligations, except in accordance with section 11.5(1) of the CCAA.

4.      **THIS COURT ORDERS** that, as of the date hereof, the Monitor is authorized and empowered, but not required, to execute any agreement, document, instrument, or writing in the name of and on behalf of the Applicants as may be necessary or desirable in order to carry out the provisions of this Order, the ARIO, or any other Order granted in these CCAA Proceedings or to facilitate the orderly completion of these CCAA Proceedings and the administration of the Applicants' estates, including to disclaim or resiliate any agreements in accordance with the terms of the CCAA.

5.     **THIS COURT ORDERS** that, as of the date hereof, the Monitor is authorized and empowered, but not required, to operate and control, on behalf of the Applicants, all of the Applicants' existing accounts at any financial institution (each an "**Account**", and collectively the "**Accounts**") in such manner as the Monitor, in its sole discretion, deems necessary or appropriate, including without limitation, to:

(a)     exercise control over the funds credited to or deposited in the Accounts;

(b)     effect any disbursement from the Accounts permitted by the ARIO or any other Order granted in these CCAA Proceedings;

(c)     give instructions from time-to-time with respect to the Accounts and the funds creditor to or deposited therein, including to transfer the funds credited to or deposited in such Accounts to such other account or accounts as the Monitor may direct; and

(d)     add or remove persons having signing authority with respect to any Account or to direct the closing of any Account;

and the financial institutions maintaining such Accounts shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer payment, collection or other action taken in accordance with the instructions of the Monitor as to the use or application of funds transferred, paid, collected, or otherwise dealt with in accordance with such instructions, and such financial institutions shall be authorized to act in accordance with and in reliance upon the instructions of the Monitor without any liability in respect thereof to any person.

6.     **THIS COURT ORDERS** that the Monitor is hereby authorized, but not required, to open one or more new accounts in its own name (the "**Monitor's Accounts**") and to receive third party funds into the Monitor's Accounts or transfer into the Monitor's Accounts such funds of the Applicants as the Monitor, in its sole opinion, deems necessary or appropriate to assist with the exercise of the Monitor's powers and duties set out herein, provided that the monies standing to the credit in the Monitor's Accounts from time-to-time shall be held by the Monitor to be dealt with as permitted by this Order or by further Order of this Court, and further the Monitor is hereby authorized to make use of the funds in the Monitor's Accounts from time-to-

time to make disbursements and pay amounts for and on behalf of the Applicants or in connection with the Monitor's exercise of its powers and duties in these CCAA Proceedings, as the Monitor may in its sole opinion deem necessary or appropriate from time-to-time.

7.     **THIS COURT ORDERS** that the Monitor may, from time-to-time, apply to this Court for advice and directions in respect of the exercise and discharge of its powers and duties hereunder.

**DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE MONITOR**

8.     **THIS COURT ORDERS** that the Applicants and all of their current and former directors, officers, employees, agents, accountants, legal counsel, shareholders, advisors and all other persons acting on their instructions or behalf shall fully co-operate with the Monitor in the exercise its powers under this Order or any other Order of the Court, including by:

(a)     advising the Monitor of the existence of any Property of which such party has knowledge of;

(b)     providing the Monitor with immediate and continued access to any Property in such party's possession or control;

(c)     advising the Monitor of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or affairs of the Applicants, and any computer programs, computer tapes, computer disks, or other data storage media containing any such information ("**Records**") of which such party has knowledge of; and

(d)     providing access to and use of the Records, including any accounting, computer, software and physical facilities relating thereto, and including providing the Monitor with instructions on the use of any computer or other system as requested by the Monitor and providing the Monitor with any and all access codes, account names and account numbers that may be required to gain access to the Records, provided however that nothing in this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Monitor

due to the privilege attaching to solicitor-client communication or due to statutory provisions prohibiting such disclosure.

**LIMITATION ON THE MONITOR'S LIABILITY**

9.     **THIS COURT ORDERS** that neither the Monitor nor any employee, representative or agent of the Monitor shall be deemed to: (i) be a director, officer, employee or trustee of the Applicants, (ii) be a legal representative or Person to whom section 150(3) of the *Income Tax Act* (Canada) applies; (iii) assume any obligation of the Applicants or any one of them; or (iv) assume any fiduciary duty towards the Applicants or any other Person, including any creditor or shareholder of the Applicants.

10.     **THIS COURT ORDERS** that the Monitor shall not be liable for any employee-related liabilities in respect of the employees of the Applicants, including any successor employer liabilities as provided for in Section 11.8(1) of the CCAA. Nothing in this Order shall cause the Monitor to be liable for any employee-related liabilities in respect of the employees of the Applicants, including wages, severance pay, termination pay, vacation pay, and pension or benefits amounts.

11.     **THIS COURT ORDERS** that, without limiting the provisions of the ARIO, the Applicants shall remain in possession and control of the Applicants' Property and the Applicants' Business and the Monitor shall not take possession and control of the Applicants' Property, the Applicants' Business, or any part thereof.

12.     **THIS COURT ORDERS** that nothing contained herein shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination, without limitation, under the Environmental Legislation, provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order,

be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

13.     **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation. For greater certainty, the Monitor shall continue to have the benefit of all of the indemnities, charges, protections, and priorities as set out in the ARIO and any other Order granted in these CCAA Proceedings and all such indemnities, charges, protections, and priorities shall apply and extend to the Monitor in the fulfillment of its duties or the carrying out of the provisions of this Order.

14.     **THIS COURT ORDERS** that nothing in this Order shall constitute or be deemed to constitute the Monitor as receiver, assignee, liquidator, administrator, receiver-manager, agent of the creditors, or legal representative of any of the Applicants within the meaning of any relevant legislation and that any distributions to creditors of the Applicants by the Monitor will be deemed to have been made by the applicants themselves.

15.     **THIS COURT ORDERS** that the powers and authorities granted to the Monitor by virtue of this Order shall, if exercised in any case, be paramount to the power and authority of the Applicants and their respective boards of directors, as applicable, with respect to such matters and, in the event of conflict between the terms of this Order and those of the ARIO or any other Order of this Court, the provisions of this Order shall govern.

16.     **THIS COURT ORDERS** that, except as may be necessary to give effect to this Order, the ARIO and any other Order granted by this Court in these proceedings shall remain in full force and effect.

**DISPUTED ASSETS**

17.     **THIS COURT ORDERS** that the Disputed Assets shall not be sold or otherwise disposed of pending (i) a consensual resolution being agreed to between the DIP Lender and TransPecos Bank, SSB, in consultation with the Monitor; or (ii) further Order of this Court.

## APPROVAL OF FEES AND DISBURSEMENTS OF THE MONITOR AND ITS COUNSEL

18.     **THIS COURT ORDERS** that the fees and disbursements of the Monitor for the period from May 15, 2025 to November 15, 2025, as described in the Supplement to the Sixth Report and set out in the fee affidavit sworn by Tammy Muradova appended to the Sixth Report, be and are hereby approved.

19.     **THIS COURT ORDERS** that the fees and disbursements of Reconstruct LLP ("**Reconstruct**"), legal counsel to the Monitor, for the period from May 15, 2025 to November 18, 2025, as described in the Supplement to the Sixth Report and set out in the fee affidavit sworn by Alina Stoica appended to the Sixth Report, be and are hereby approved.

20.     **THIS COURT ORDERS** that the Fee Accrual (as defined in the Sixth Report) of the Monitor and its counsel in connection with the completion by the Monitor of its remaining duties and administration of these CCAA Proceedings is hereby approved, and the Monitor and its counsel shall not be required to pass their accounts in respect of any further activities in connection with the completion by the Monitor of its remaining duties and administration of these CCAA Proceedings.

21.     **THIS COURT ORDERS** that the Monitor is authorized and directed to pay any balance remaining in the Fee Accrual to The Bank of Nova Scotia after payment of all fees and disbursements of the Monitor and its counsel incurred in connection with the completion by the Monitor of its remaining duties and administration of these CCAA Proceedings.

## APPROVAL OF THE MONITOR'S REPORTS AND ACTIVITIES

22.     **THIS COURT ORDERS AND DECLARES** that the Monitor's First Report dated May 22, 2025, Second Report dated June 20, 2025, Third Report dated August 1, 2025, Fourth Report dated September 22, 2025, Fifth Report dated October 8, 2025, Sixth Report dated November 21, 2025, and Supplement to the Sixth Report dated November 25, 2025 and the activities of the Monitor referred to therein, be and are hereby ratified and approved; provided, however, that only the Monitor, in its personal capacity and only with respect to its own liability, shall be entitled to rely upon or utilize in any way such approvals.

**RELEASES**

23.     **THIS COURT ORDERS** that, effective as of the date hereof, (a) the current and former directors, officers, employees, consultants, legal counsel and advisors of the Applicants; (b) the Monitor and its legal counsel and their respective current and former directors, officers, partners, employees, consultants and advisors; and (c) the DIP Lender, its affiliates, and their respective current and former directors, officers, employees, agents, legal counsel and advisors (the Persons listed in (a), (b), and (c) being collectively, the "**Released Parties**") shall be deemed to be forever and irrevocably released and discharged from any and all present and future liabilities, claims (including, without limitation, breach of trust claims or claims for contribution or indemnity), indebtedness, demands, actions, causes of action, counterclaims, suits, damages, judgments, executions, recoupments, debts, sums of money, expenses, accounts, liens, taxes, duties, recoveries, and obligations of any nature or kind whatsoever (whether direct or indirect, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured or due or not yet due, in law or equity and whether based in statute or otherwise) based in whole or in part on any act or omission, transaction, offer, dealing, or other fact, matter, occurrence or thing existing or taking place prior to the date hereof (collectively, the "**Released Claims**"), which Released Claims are hereby and shall be deemed to be fully, finally, irrevocably and forever waived, discharged, released, cancelled and barred as against the Released Parties, provided that nothing in this paragraph shall waive, discharge, release, cancel or bar (i) any claim that either the Bank of Nova Scotia or 1941529 Alberta Ltd. may have against Robert Corey Hawtin or Lucie Andlauer, or any other individual that granted an undertaking to inject funds or guarantee in favour of The Bank of Nova Scotia in relation to indebtedness of the Applicants (or any one or more of them) to The Bank of Nova Scotia; (ii) any claim with respect to an act or omission that is determined by a court of competent jurisdiction to have constituted actual fraud or wilful misconduct, or (iii) any claim that is not permitted to be released pursuant to section 5.1(2) of the CCAA.

**TERMINATION OF THESE CCAA PROCEEDINGS**

24.     **THIS COURT ORDERS** that upon service to the Service List by the Monitor of an executed certificate in substantially the form attached hereto as Schedule "A" (the "**Monitor's Termination Certificate**") certifying that, to the knowledge of the Monitor, all matters to be

attended to in connection with these CCAA Proceedings have been completed (including the completion of the Distributions and reaching a resolution and/or completing a disposition and monetization of the Disputed Assets), these CCAA Proceedings shall be terminated without any further act or formality (the "**CCAA Termination Time**"), save and except as expressly provided for in this Order, and provided that nothing herein impacts the validity of this Order, or any other Orders made in these CCAA Proceedings, or any actions or steps taken by any Person in connection therewith.

25.     **THIS COURT ORDERS** that the Monitor shall file a copy of the Monitor's Termination Certificate with the Court and post a copy of the Monitor's Termination Certificate on the case website maintained by the Monitor as soon as practicable following the CCAA Termination Time.

**DISCHARGE OF THE MONITOR**

26.     **THIS COURT ORDERS** that effective at the CCAA Termination Time, PwC shall be and is hereby discharged from its duties as Monitor and shall have no further duties, obligations or responsibilities as Monitor from and after the CCAA Termination Time; provided that, notwithstanding its discharge as Monitor, PwC shall have the authority to carry out, complete or address any matters in its role as Monitor that are ancillary or incidental to these CCAA Proceedings following the CCAA Termination Time, as may be required or appropriate (collectively, the "**Monitor Incidental Matters**"). In completing any such Monitor Incidental Matters, PwC and its advisors shall continue to have the benefit of the provisions of all Orders made in these CCAA Proceedings and all protections under the CCAA, including all approvals, protections and stays of proceedings in favour of PwC in its capacity as Monitor, and nothing in this Order shall affect, vary, derogate from or amend any of the protections in favour of the Monitor pursuant to any Order issued in these CCAA Proceedings.

27.     **THIS COURT ORDERS** that, notwithstanding any provision of this Order, the Monitor's discharge or termination of these CCAA Proceedings, nothing herein shall affect, vary, derogate from, limit or amend, and PwC shall continue to have the benefit of, all of the rights, approval, and protections in favour of the Monitor at law or pursuant to the CCAA, the ARIO, or any other Order of this Court in these CCAA Proceedings or otherwise, all of which are expressly continued and confirmed following the CCAA Termination Time, including in

connection with the Monitor Incidental Mattes and any other actions taken by PwC following CCAA Termination Time with respect to the Applicants or the CCAA Proceedings.

**TERMINATION OF THE CHARGES**

28.     **THIS COURT ORDERS** that the Charges shall be and are hereby terminated, released and discharged at the CCAA Termination Time without any further act or formality.

**EXTENSION OF THE STAY PERIOD**

29.     **THIS COURT ORDERS** that the Stay Period be and is hereby extended until the earlier of: (i) the CCAA Termination Time; or (ii) further Order of this Court.

**GENERAL**

30.     **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

31.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, and, regulatory or administrative bodies, having jurisdiction in Canada or in any other foreign jurisdiction, to give effect to this Order and to assist the Applicants, the Monitor, and their respective agents in carrying out the terms of this Order. All courts, tribunals and, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

32.     **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. (Toronto Time) on the date of this Order, without the need for entry or filing.

Court File No.: CV-25-00743275-00CL

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF STS RENEWABLES LTD., 10531618 CANADA INC., 14878868 CANADA LTD., 2425036 INC., AND 1001374205 ONTARIO INC.

Applicants

**RECITALS**

A.      Pursuant to the Initial Order of the Honourable Justice Osborne of the Ontario Superior Court of Justice (Commercial List), (the "**Court**") dated May 15, 2025, as amended and restated on May 23, 2025, the Applicants were granted protection from their creditors pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, and PricewaterhouseCoopers Inc., LIT was appointed as the monitor of the Applicants (in such capacity, the "**Monitor**").

B.      Pursuant to an Order of this Court dated November 26, 2025 (the "**CCAA Termination Order**"), among other things, PwC shall be discharged as Monitor and these CCAA Proceedings shall be terminated upon the service of this Monitor's Termination Certificate on the service list in these CCAA Proceedings, all in accordance with the terms of the CCAA Termination Order.

C.      Capitalized terms used herein and not otherwise defined have the meanings ascribed in the CCAA Termination Order.

**THE MONITOR CERTIFIES** the following:

1.      To the knowledge of the Monitor, all matters to be attended to in connection with these CCAA Proceedings have been completed.

**ACCORDINGLY**, the CCAA Termination Time has occurred.

**DATED** at Toronto, Ontario this ___ day of _____, 202_.

**PricewaterhouseCoopers Inc., in its capacity as the Monitor of Applicants and not in its personal or corporate capacity**

Per: _____
      Name:
      Title:

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF STS RENEWABLES LTD., 10531618 CANADA INC., 14878868 CANADA LTD., 2425036 INC., AND 1001374205 ONTARIO INC.**

Court File No.: CV-25-00743275-00CL

| | |
|---|---|
| | ***ONTARIO*** <br> **SUPERIOR COURT OF JUSTICE** <br> **(COMMERCIAL LIST)** <br> Proceeding commenced in Toronto |
| | **ORDER** <br> **(CCAA Termination and Ancillary Matters)** |
| | **BENNETT JONES LLP** <br> One First Canadian Place <br> Suite 3400, P.O. Box 130 <br> Toronto, Ontario M5X 1A4 <br><br> **Sean Zweig** (LSO# 57307I) <br> Tel: (416) 777-6254 <br> Email: zweigs@bennettjones.com <br><br> **Mike Shakra** (LSO# 64604K) <br> Tel: (416) 777-3236 <br> Email: ShakraM@bennettjones.com <br><br> **Thomas Gray** (LSO# 82473H) <br> Tel: (416) 777-7924 <br> Email: GrayT@bennettjones.com <br><br> **Linda Fraser-Richardson** (LSO# 89718B) <br> Tel: (416) 777-7869 <br> Email: fraserrichardsonl@bennettjones.com <br><br> Lawyers for the Applicants |