IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STS RENEWABLES LTD., et al.,[1]<br><br>        Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-10884 (KBO)<br><br>(Jointly Administered)<br><br>**Re Docket No. 50** |

**ORDER (I) RECOGNIZING AND ENFORCING DISTRIBUTION ORDER AND ANCILLARY ORDER, (II) APPROVING THE PROCEDURE GOVERNING CLOSING OF CHAPTER 15 CASES AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of STS Renewables Ltd. ("STS"), in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in connection with the Debtors' reorganization proceedings under Canadian law currently pending (the "Canadian Proceedings"), for the entry of an order, pursuant to sections 105(a), 350, 1517(d), 1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), (i) recognizing and enforcing the Distribution Order and the Ancillary Order (both as defined in the Motion), (ii) approving the procedure governing closing of these chapter 15 cases (the "Chapter 15 Cases") and (iii) granting related relief; the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and that the relief requested is in the best interest of the Debtors,

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are: STS Renewables Ltd. (6458); 10531618 Canada Inc., f/k/a Subterra Capital Partners Inc. (1618); 14878868 Canada Ltd., f/k/a Subterra Development Ltd. (8868); 2425036 Inc., f/k/a Subterra Capital Partners US Inc. (0344); and 1001374205 Ontario Inc. The Debtors' service address for purposes of these Chapter 15 Cases is 3400 One First Canadian Place, P.O. Box 130, Toronto, ON, M5X 1A4.

their creditors, and other parties in interest in the Chapter 15 Case; and all creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  The Distribution Order, a copy of which is attached hereto as Exhibit 1, is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 1521, 1525, and 1527 of the Bankruptcy Code.

3.  The Ancillary Order, a copy of which is attached hereto as Exhibit 2, is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 1521, 1525, and 1527 of the Bankruptcy Code.

4.  Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

5.  The Foreign Representative is authorized to seek entry of an order closing these Chapter 15 Cases by filing and serving a Notice of Full Administration, subject to a thirty

(30) day objection period after service of the Notice of Full Administration. If no objections are filed upon the expiration of the thirty (30) day objection period, the Foreign Representative may file a certificate of no objection along with the Proposed Case Closing Order for entry by the Court.

      6.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: January 6th, 2026**
**Wilmington, Delaware**

                                                      **KAREN B. OWENS**
                                                      **CHIEF JUDGE**